ON MOTION TO REINSTATE APPEAL
PER CURIAM.
We dismissed this appeal by order after attorney F. Wesley Blankner, Jr., failed to file an initial brief despite securing repeated extensions of time to do so. In the order dismissing the appeal, we requested that the Florida Bar investigate Mr. Blankner for his apparent violations of the Rules of Professional Conduct. See R. Regulating Fla. Bar 4-1.1 (“A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.”) (emphasis added); R. Regulating Fla. Bar 4-1.3 (“A lawyer shall act with reasonable diligence and promptness in representing a client.”). Mr. Blankner then moved to reinstate the appeal on behalf of his client. We granted that motion by order, but stated in the reinstatement order that “all other aspects” of the dismissal order would stand. We write to clarify that it is the request that the Florida Bar investigate Mr. Blankner’s conduct that we intended to “stand.” We also write to give context to that request.
Since 2011, Mr. Blankner has appeared as counsel of record in at least nine cases before our court.[1] In Dwayne Hardy v. State of Florida, 115 So.3d 372 (Fla. 5th *134 DCA 2018) the initial brief was due on December 21, 2011. When nothing was filed, we issued an order to show cause as to why the case should not be dismissed for lack of prosecution. Three motions for extension of time followed. The single-issue initial brief was not filed until May 7, 2012, after we denied Mr. Blankner’s final motion for extension of time but nonetheless extended the deadline for filing the brief one last time.
In Patrick Mourra v. State of Florida, No. 5D11-3889, the initial brief was due on February 11, 2012. Counsel received three extensions of time, and a brief was ultimately filed on May 29, 2012, after we cautioned counsel by order that no further extensions would be granted. The answer brief was filed on June 15, 2012, and Mr. Blankner then filed a motion for extension of time to file the reply brief. Before we could rule on the motion, however, Mr. Mourra discharged Mr. Blankner for only raising one issue on appeal when Mr. Mourra believed there to be other meritorious issues. Mr. Blankner’s initial brief was striken at Mr. Mourra’s request, and Mr. Mourra proceeded to brief the case pro se.
In Shawnta McNeally v. State of Florida, No. 5D11-3447, Mr. Blankner filed a notice of appeal on October 5, 2011, seeking to appeal a September 2, 2011, judgment and sentence. We issued a show cause order because it appeared that we lacked jurisdiction. Mr. Blankner responded that he had orally notified the trial court that the appellant would be appealing, but offered no reasonable explanation for failing to meet the jurisdictional deadline for filing the notice of appeal. We dismissed the appeal by order, without prejudice to the appellant’s filing of a petition for belated appeal.
In Ronnie Manning v. State of Florida, No. 5D12-2135, the initial brief was due on September 30, 2012. After we granted three motions for extension of time filed by Mr. Blankner, the brief was due on May 3, 2013. When nothing was filed on that date, we issued a show cause order asking why the case should not be dismissed for lack of prosecution. Mr. Blank-ner responded with an apology for letting the long-extended deadline slip his notice, and an additional motion for extension of time, which we granted. Rather than meet this deadline, Mr. Blankner filed a fifth motion for extension, which we denied in an order stating that the initial brief was to be filed within ten days (which effectively acted as an extension, despite the language denying the motion). Mr. Blankner did not meet this deadline either, but filed a sixth motion for extension of time. He then filed a one-issue initial brief on July 15, 2013, which we ultimately accepted as timely.
In Andrew Duran v. State of Florida, No. 5D12-3134, the initial brief was due on December 16, 2012. On December 17, 2012, Mr. Blankner filed a motion for extension of time, which we granted. A second extension was also granted up to February 21, 2013. After this deadline passed, we issued an order to show cause for lack of prosecution on March 5, 2013. Mr. Blankner responded that he had erroneously calendared the due date for the initial brief, and had intended to request an enlargement of time — which he then requested. We granted this request, but denied a fourth motion on May 1, 2013, warning Mr. Blankner that failure to file the initial brief by May 17, 2013 could *135 result in dismissal of the appeal. Mr. Blankner filed the initial brief (raising a single sentencing issue and presenting less than one page of argument) on May 20, 2013, which we accepted past the extended deadline.
In Charles M. Vandersnick v. State of Florida, No. 5D13-135, the initial brief was due on March 15, 2013. We granted three extensions of time at Mr. Blankner’s request, and denied a fourth motion on August 28, 2013, giving Mr. Blankner a final ten days to file the brief. On September 9, 2013, Mr. Blankner filed a fifth motion for extension, followed by a one-issue initial brief (containing five pages of argument) on September 16, 2013 — which we again accepted despite its filing beyond the extended deadline.
In Timothy B. Janes v. State of Florida, No. 5D13-1472, the initial brief was due on May 10, 2013. Although Mr. Blankner filed a notice of appeal, another lawyer also filed a notice of appeal. The other counsel sought and received multiple extensions of time and ultimately filed an initial brief on September 3, 2013. On July 26, 2013, we issued an order requiring Mr. Blankner to advise the court as to whether he was also counsel of record in the case. Mr. Blankner failed to respond to this order. On August 20, 2013, we then issued an order to show cause as to why sanctions should not be imposed for Mr. Blankner’s failure to respond to the court’s July 26th order. Mr. Blankner responded on September 4, 2013 by moving to withdraw as counsel of record, with an explanation that he had been unaware that anyone else had been retained as counsel in the case (which raises the question of why Mr. Blankner had filed nothing for the months prior, when the initial brief had been due). As for his failure to respond to the July 26th order, Mr. Blank-ner explained that his firm had experienced “computer troubles” and had no record of receiving the July 26th order. Mr. Blankner was allowed to withdraw from the case, and no sanctions were issued.
In the instant case, the initial brief was due on May 3, 2013. On May 2, 2013, Mr. Blankner moved for an extension of sixty days, which was granted (extending the deadline to July 1, 2013). On June 28th, Mr. Blankner requested another sixty-day extension, which we granted by order dated July 9, 2013 (extending the deadline to September 2, 2013). The order also advised Mr. Blankner that “no further enlargement of time will be granted.” Ignoring this language from our July 9th order, Mr. Blankner filed yet another motion for extension of time, explaining that he had been too busy with other client matters to prepare the initial brief by the final deadline. We then dismissed the appeal, although we have now reinstated it based upon our concern that Mr. Blank-ner’s client not be prejudiced by Mr. Blankner’s wholly unacceptable dilatory conduct.
We caution Mr. Blankner that if he is requested to represent a client on appeal in this court in the future, he should decline the representation unless he anticipates having the time, in light of his other professional and personal obligations, to act with reasonable diligence and promptness on behalf of his client in the case. Cognizant of our obligation to see that cases are handled in a timely manner, see Fla. R. Jud. Admin. 2.545, we also intend to reconsider our approach to motions for extension of time in future cases.
SAWAYA, LAWSON and WALLIS, JJ„ concur.

. In addition to the eight cases discussed in the body of this opinion, in Case Number 5D11-758 Mr. Blankner filed a notice of appeal on behalf of Jean-Claude Coriolan, challenging an order summarily denying Mr. Co-riolan’s motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. No other motions or briefs were docketed in that case. See Fla. R. App. P. 9.141(b)(2)(C) (providing that briefs are not *134 required when a criminal post-conviction motion is denied below without an evidentiary hearing).